UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JERRY L BRANSON,<br><br>               Plaintiff,<br><br>     v.<br><br>MICHAEL J. ASTRUE, Commissioner of the Social Security Administration,<br><br>               Defendant. | CASE NO. 11-cv-5933-RJB<br><br>REPORT AND RECOMMENDATION ON PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*<br><br>Noted for December 16, 2011 |

    This matter has been referred to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1) and Local Magistrate Judge Rule MJR 4(a)(4), and as authorized by <u>Mathews, Secretary of H.E.W. v. Weber</u>, 423 U.S. 261, 271-72 (1976). This matter has come before the Court on plaintiff's filing of an application to proceed *in forma pauperis* and a complaint to review and set aside a decision of the Social Security Administration pursuant to 42 U.S.C. § 405(g) (ECF No. 1). Because plaintiff's application indicates that he has sufficient income to pay the $350.00 filing fee, the undersigned recommends that the Court deny the application.

## DISCUSSION

The District Court may permit indigent litigants to proceed *in forma pauperis* following completion of a proper affidavit of indigence. See 28 U.S.C. § 1915(a). According to the Ninth Circuit, the decision to grant or refuse an application to proceed *in forma pauperis* "is within the discretion of the District Court." Weller v. Dickson, 314 F.2d 598, 600 (9th Cir. 1963), cert. denied, 375 U.S. 845 (1963). An application to proceed *in forma pauperis*, when granted, is "granted as a privilege and not as a matter of right." Id.

By requesting the Court that he be allowed to proceed *in forma pauperis*, plaintiff is asking the government to incur the filing fee because he allegedly is unable to afford the costs necessary to proceed with his cause of action. In his application, plaintiff indicates that he receives $3,222.00 per month from the U.S. Department of Veterans' Affairs and $855.00 as early retirement benefits from the Social Security Administration (see Motion for Leave to Proceed *in Forma Pauperis*, ECF No. 1, p. 2). Plaintiff also indicates that his wife's net income is $200 every two weeks (see Plaintiff's Declaration, ECF No. 2, p. 1). The Court recognizes the fact that there are six people in plaintiff's family and that one of his children is eighteen years of age (see Motion for Leave to Proceed *in Forma Pauperis*, ECF No. 1, p. 2). However, the Court also recognizes the fact that plaintiff's income is well above the poverty level (see http://aspe.hhs.gov/poverty/11poverty.shtml). Therefore, the Court concludes that it is reasonable for plaintiff to be required to pay the filing fee before proceeding with his cause of action.

## CONCLUSION

Because it is reasonable for plaintiff to incur the costs to proceed with this cause of action, the undersigned recommends that the Court deny his application to proceed *in forma*

*pauperis*. Accordingly, the undersigned also recommends that the Court order plaintiff to pay the required filing fee within thirty (30) days of the Court's order.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. <u>See also</u> Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge. <u>See</u> 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on December 16**,** 2011, as noted in the caption.

Dated this 22nd day of November, 2011.

J. Richard Creatura
United States Magistrate Judge